# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| COMMONWEALTH PORTS AUTHORITY,<br><br>               Plaintiff,<br>     v.<br><br>LEO A. DALY COMPANY,<br><br>               Defendant.<br><br>LEO A. DALY COMPANY,<br><br>               Third-Party Plaintiff,<br>     v.<br><br>AIC MARIANAS, INC.,<br><br>               Third-Party Defendant. | Case No. 1:12-CV-0005<br><br>**DECISION AND ORDER DISMISSING COUNTS II AND III OF THE FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST AIC MARIANAS, INC.** |

This dispute arises out of a Commonwealth Ports Authority ("CPA") project at the West Tinian Airport. Owner CPA sued designer and construction manager Leo A. Daly Company ("Daly"), an architectural and engineering company, and Daly impleaded the builder AIC Marianas, Inc. ("AIC"). Before the Court is AIC's motion to dismiss the amended third-party complaint's contribution and indemnity claims against AIC. (ECF Nos. 38–39.) The Court, having considered the arguments of the parties, GRANTS AIC's motion.

## I.  BACKGROUND

CPA contracted with Daly in 2003 "for the design and construction management of a project involving improvements of the West Tinian Airport facility . . . ."  (ECF No. 1 at ¶ 8 (hereinafter "Complaint").)  Later, CPA contracted with AIC for general construction services on this airport project.  (*See* ECF No. 32 at ¶¶ 8–11 (Defendant/Third-Party Plaintiff Leo A. Daly Company's First Amended Third-Party Complaint against William S. Hofschneider and AIC Marianas, Inc., hereinafter "Third-Party Complaint").)  Now CPA has filed a complaint against Daly for the latter's alleged breach of contractual and professional duties.  (*See* Complaint at ¶ 1.)  Its complaint is best read as alleging claims based on Daly's insufficient performance of its design and construction management duties.

Daly, however, reads the complaint as alleging construction defect claims that were not caused by Daly's design.  (*See* Third-Party Complaint at ¶¶ 33–43.)  Daly has filed its Third-Party Complaint impleading AIC.  (*See id.*)  AIC was responsible for construction pursuant to its construction contract with CPA.  (*See id.* at ¶¶ 8–11.)  Daly's third-party complaint alleges, among other things, contribution and indemnification claims for these construction defects against AIC. (*Id.*)  AIC has filed a motion to dismiss these claims for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 38 at 1.)

## II.  JURISDICTION

The Court has subject matter jurisdiction over the claims in the complaint pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and over the claims in the third-party complaint pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

/

### III. STANDARD

"In general, the same principles governing the disposition of a 12(b)(6) motion apply whether the plaintiff's original complaint or a third-party complaint is involved." *Hillbroom v. Israel*, No. 1:10-CV-00031, 2012 WL 2168303, at *1 (D. N. Mar. I. Jan. 26, 2012) (internal quotation marks omitted) (quoting *Foote v. United States*, 648 F. Supp. 735, 736 (N. D. Ill. 1986)). Thus, a third-party complaint "must allege 'sufficient facts to raise' a plaintiff's 'right to relief above the speculative level.' " *Davidson v. Cornerstone Bank*, Civ. No. 10-2825 (NLH), 2011 WL 677321, at *5 (D.N.J. Feb 16, 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The third-party complaint must do more than allege facts making the right to relief possible; it must make the right to relief plausible. *Twombly*, 550 U.S. at 557.

All factual allegations must be assumed true, *Twombly*, 550 U.S. at 555–56, but legal conclusions need not be, *Iqbal*, 556 U.S. at 678. The factual allegations must "give fair notice and . . . enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Factual allegations also "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* A court must construe the third-party complaint "in the light most favorable" to the third-party plaintiff. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

Because assessing the adequacy of a third-party complaint requires construing the complaint's claims, *see* Fed. R. Civ. P. 14(a), a court must apply these same principles in that process. That is, the complaint's claims must be plausible, and they must be construed in the light most favorable to the third-party plaintiff.

3

### IV.   DISCUSSION

A proper third-party complaint must both satisfy the requirements of Federal Rule of Civil Procedure 14 and possess a substantive basis for transferring liability to the third-party defendant. *See Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989). Daly's third-party complaint does neither.

#### A.  FEDERAL RULE OF CIVIL PROCEDURE 14

A defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The third-party complaint "may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." *Id.* at 14(a)(3). In other words, "the third party's liability [must be] in some way dependent on the outcome of the main claim and [be] secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *see also Team Enters., LLP v. Western Inv. Real Estate Trust*, No. CV F 08-0872 LJO SMS, 2009 WL 1451635, at *4 (E.D. Cal. May 20, 2009). If a third-party claim is only "related to but not derivative of [the main claim,]" it may not be asserted. *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.3d 444, 452 (9th Cir. 1983), *cert. denied*, *Webb v. United States*, 464 U.S. 1071 (1984). The "crucial characteristic" of a derivative or dependent third-party claim "is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *See Stewart*, 845 F.2d at 200 (internal quotation marks omitted) (quoting 6 Federal Practice & Procedure § 1446 (1971)); *Team Enters., LLP*, 2009 WL 1451635 at *4. Ultimately, this decision to allow

impleader "is entrusted to the sound discretion of the trial court." *One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.3d at 452.

In applying this rule, courts have held that a manufacturer may properly implead a designer. For example, in *SCD RMA, LLC v. Farsighted Enterprises, Inc.*, 591 F. Supp. 2d 1141 (D. Haw. 2008), the district court allowed impleader of the designer. There, the plaintiff buyer sued the defendant manufacturer for breaching their contract by producing defective blinds. *SCD RMA, LLC*, 591 F. Supp. 2d at 1144. The manufacturer claimed it had followed the designer's designs and filed a third-party complaint against the designer. *Id.* The court allowed the third-party complaint to the extent that the manufacturer could "allege a breach of contract claim that is depend[e]nt on the underlying lawsuit . . . ." *Id.* at 1148. Necessarily, this case recognizes that a manufacturer's construction depends on a designer's design, and if the former's defective construction is due to its relying on the latter's defective design, it yields a derivative claim.

This case presents the opposite question: Can a designer implead the construction contractor? There may be cases where the answer is yes, such as where the complaint pleads plausible construction defect claims not caused by the design. But where a plaintiff sues a designer for construction defect claims caused by the design, the answer is no. Because nearly all jurisdictions have concluded that the contractor is not liable in this situation, the Commonwealth of the Northern Mariana Islands ("Commonwealth") Supreme Court would likely similarly conclude. *See, e.g.*, *United States v. Spearin*, 248 U.S. 132, 136 (1918) ("[I]f the contractor is bound to build according to plans and specifications prepared by the owner, the contractor will not be responsible for the consequences of defects in the plans and specifications."); 6 A.L.R. 3d 1394 § 2 (stating that "in practically every American jurisdiction" that adjudicated the issue, the contractor is not liable for

5

defects caused solely by following the designer's designs). Lacking liability, there is no liability to transfer to the contractor, and impleader is improper.

Applying these principles to this dispute, Daly's third-party complaint does not satisfy Rule 14. The complaint does not plausibly plead construction defect claims not caused by Daly's design against Daly. What the complaint does plausibly plead are claims arising from Daly's defective design, including construction defects resulting from implementing that design. Such claims are exemplified in the following allegations: "As designed by [Daly], the restroom doors and stalls are too narrow to allow for [Americans with Disabilities Act] compliance . . ." (Complaint at ¶ 21); "[Daly] breached its contract with the Ports Authority by failing to design the West Tinian Airport facilities to meet applicable building code requirements . . ." (*id.* at ¶ 39); "[Daly] produced a faulty design that, *when constructed as designed*, caused an unsafe condition in normal use" (*id.* at ¶ 67 (emphasis added)). Numerous other allegations similarly allege claims based on Daly's defective design and the concomitant construction defects.[2] Further, CPA seeks damages only for costs emanating from Daly's design. (*See id.* at ¶ 90 ("Specifically, damages include the cost of obtaining a replacement design for the West Tinian Airport facility, the cost of retrofitting the facility based on the replacement design[,] . . . [and] direct and indirect damages associated with the defective design produced by [Daly] . . . .").)

---

[2] These allegations include: "The Engineers found many structural deficiencies in the design produced by [Daly]" (Complaint at ¶ 25); "[d]esigning the West Tinian Airport facility to meet only Seismic Zone 1 requirements, as well as incorporating other code violations, and implementing the improper design in its construction management capacity, violated the duties [Daly] owed to the Ports Authority" (*id.* at ¶ 33); "[s]pecifically, [Daly] failed to produce a design that met basic [Americans with Disabilities Act] standards . . ." (*id.* at ¶ 48); "[s]pecifically, [Daly] was negligent when it produced a design for the West Tinian Airport facility which did not meet [Americans with Disabilities Act] standards nor applicable building code provisions" (*id.* at ¶ 56); and "[Daly] misrepresented the nature of the facility's structural design . . ." (*id.* at ¶ 73).

6

Daly contends that the complaint pleads construction defect claims not caused by Daly's design. (*See* ECF No. 42 at 5 (hereinafter "Opposition").) For support, it cites allegations generally referring to design and construction defects. (*See id.*) These allegations include "that [Daly]'s design and construction of the West Tinian Airport facilities did not comply with the Americans with Disabilities Act[ ] . . . . [or] with the CNMI building safety code" (*id.* at ¶¶ 18–19) and that "[Daly] further breached duties owed to the Ports Authority by failing to design and build the West Tinian Airport facility to meet appropriate typhoon standards" (*id.* at ¶ 34).

Daly is incorrect; the complaint does not plead claims based on construction defects not caused by Daly's design. The allegations cited by Daly refer to the defective construction necessarily resulting from implementing Daly's defective design. For example, immediately after stating "that [Daly]'s design and construction . . . did not comply with the Americans with Disabilities Act[ ] . . . [or] with the CNMI building safety code," the complaint alleges this non-compliant construction was due to Daly's "failing to properly design . . . ." (*Id.* at ¶¶ 18–22.) Similarly, immediately after alleging that Daly "fail[ed] to design and build the . . . facility to meet appropriate typhoon standards," the complaint alleges that "the Ports Authority communicated the design flaws to [Daly] . . . ." (*Id.* at ¶¶ 34, 36.)

Even if these are claims for construction defects not caused by Daly's design, such claims are not plausible. The complaint alleges no facts related to construction defects not caused by the design. Rather, all facts alleged relate to design defects and concomitant construction defects. Being allegations on a distinct legal claim, these allegations do not make a different legal claim—construction defects not caused by the design—plausible.

7

In short, Daly's claims against AIC do not derive from the complaint. Instead of transferring liability for the complaint's plausible claims, the third-party complaint assert new claims unrelated to the complaint. As such, Daly's claims against AIC do not satisfy Rule 14.

### B. INDEMNITY AND CONTRIBUTION

In addition to not satisfying Rule 14, Daly also does not plausibly plead entitlement to indemnity or contribution under Commonwealth law.

#### 1. Indemnification

In the Commonwealth, the right to indemnity is embodied in the Restatement (Third) of Torts. *N. Marianas Hous. Corp. v. SSFM Int'l Inc.*, Civ. No. 06-0123B, slip op. at 5, 5 n.3 (N. Mar. I. Commw. Super. Ct. Apr. 9, 2012); *see also* 7 CMC § 3401. The Restatement allows indemnity where (1) the indemnitor is contractually obligated to indemnify the indemnitee, (2) the indemnitee is liable only vicariously for the indemnitor's tort, or (3) the indemnitee is liable only as the seller of the indemnitor's product. Restatement (Third) of Torts: Apportionment Liability § 22 (2000); *N. Marianas Hous. Corp.* at 5–6.

Daly has not plausibly pled that it has a contractual right of indemnity or that Daly is vicariously liable for AIC's torts.[3] Instead Daly alleges that if it "is held liable for construction defects caused by AIC, then [Daly] is held liable only vicariously." (Third-Party Complaint at ¶ 35.) But Daly provides no factual allegations making vicarious liability plausible. In fact, its allegations indicate that AIC is not Daly's agent, but CPA's. (*See id.* at ¶ 8 ("Plaintiff CPA entered into a

---

[3] Because the Court rules that Daly has not plausibly pled entitlement to indemnity on any of these three grounds, the Court does not consider the question of whether the Commonwealth right of indemnity has additional substantive requirements. *Compare N. Marianas Hous. Corp.* at 5–7 *with Hillbroom*, 2012 WL 2168303 at *3.

8

contract with AIC . . . for general construction contracting services.").) Additionally, at least one other court has found an allegation similar to Daly's insufficient. *See Davidson*, 2011 WL 677321 at \*5 (holding that the following claim for indemnification and contribution is insufficient under *Twombly*: "[I]f it is found that plaintiff is liable to said defendant, then Plaintiff is entitled to indemnification and/or contribution and judgment against all defendants for all or part of any judgment").

Perhaps it is possible that Daly's construction management duties made it vicariously liable for AIC's construction defects. *Cf.* 8 Causes of Action 2d 859 § 1 (stating that generally an " 'employer[ ]' " is not vicariously liable for an independent contractor's acts but that numerous exceptions exist). But plausible it is not. Daly does not allege any facts detailing its construction management duties, such as whether or how it controlled AIC's construction work. Further, AIC's contract with CPA, not Daly, makes it even more implausible that Daly is vicariously liable for AIC's acts. Daly provides no reason why this is not the normal situation, where the construction manager is not vicariously liable for an independent contractor's acts.

Daly's two arguments otherwise are not persuasive. First it argues that the complaint's alleging construction defects against Daly is sufficient to show joint liability. (*See* Opposition at 14–15.) It is not. To have a substantive right of indemnity, Daly must allege facts making vicarious liability plausible. If it cannot because it believes it is not vicariously liable, the proper response is attacking the complaint, not filing a third-party complaint.

Next Daly argues that "AIC caused *specific* construction defects that are directly relevant to the CPA's claims." (*Id.* at 15.) Whatever the number and specificity of AIC's construction defects, they are irrelevant to whether Daly is vicariously liable for those defects.

In sum, Daly's allegations neither give fair notice nor enable AIC to defend itself effectively on the issue of vicarious liability. Accordingly, the Court dismisses Daly's indemnity claim against AIC.

### 2. Contribution

The Commonwealth has a statutory right of contribution. *See* 7 CMC § 2904. The right "exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death, or harm . . . ." *Id.* § 2904(a).

Daly has not alleged facts making a right of contribution plausible. Largely, it alleges only that Daly "was not responsible for construction at the Project, nor was it responsible for construction management" and that "AIC was responsible for construction pursuant to [AIC's contract with CPA] . . . ." (Third-Party Complaint at ¶ 39.) The allegations then conclude that if Daly is found liable, "AIC is responsible" and is primarily or jointly liable. (*See id.* at ¶¶ 40–43.) For the same reasons as discussed with vicarious liability, this is not sufficient to make it plausible that Daly and AIC are jointly and severally liable. Accordingly, the Court dismisses Daly's contribution claim against AIC. The Court also notes that even though Daly may not have been physically responsible for construction management, due to its subcontracting those duties (Third-Party Complaint at ¶ 16), it likely would still be legally responsible.

Daly argues, without legal authority, that a plausible claim for contribution includes alleging essentially the following: Daly is liable for AIC's construction defects only if the Court finds AIC and Daly are jointly liable, and if the Court so finds, Daly is entitled to contribution. (*See* Opposition at 9.) But this is not enough. Daly must allege facts making a Court's finding of joint liability plausible, not simply allege that if the Court so finds, contribution is proper. Concluding

otherwise would deprive AIC of its ability to effectively defend itself and would unfairly subject it to discovery.

## V.   CONCLUSION

Based on the foregoing, the Court GRANTS AIC's motion to dismiss.  Counts II and III of the first amended third-party complaint against AIC are dismissed without prejudice.  Daly's request for leave to amend is granted upon the showing of compliance with Fed. R. Civ. P. 14.

SO ORDERED this 20th day of February, 2013.

/s/ Ramona V. Manglona

RAMONA V. MANGLONA
Chief Judge